Eric Anthony **BERG**, Petitioner—Appellant,

v.

**D.L. RUNNELS; Anthony Kane,**
**Respondents—Appellees.**

No. 05–15947.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 17, 2006.

Filed Aug. 24, 2006.

Michael B. Bigelow, Esq., Sacramento, CA, for Petitioner–Appellant.

Angelo Sipin Edralin, Justain P. Riley, DAG, Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: CANBY, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM *

Eric Anthony Berg appeals the district court's denial of his petition for habeas

---

corpus. We affirm the district court. Because the parties are familiar with the procedural and factual history of this proceeding, we need not recount it here.

We can grant a petitioner habeas relief only if the state court decision was "contrary to, or involved the unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Musladin v. Lamarque,* 427 F.3d 653, 655 (9th Cir.2005) (quoting 28 U.S.C. § 2254(d)(1)).

A state-court decision is "contrary to" ... clearly established [Supreme Court] precedent if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [that] precedent."

*Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (quoting *Williams v. Taylor,* 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). In conducting such review, we look to the "last reasoned decision of the state court as the basis of the state court's judgment." *Musladin,* 427 F.3d at 655 (quoting *Franklin v. Johnson,* 290 F.3d 1223, 1233 n. 3 (9th Cir.2002)). In this case, that is the California Court of Appeal's unpublished decision.

The Supreme Court's clearly established precedent on the shackling of criminal defendants applies to the use of React belts. *Gonzalez v. Pliler,* 341 F.3d 897, 904 (9th Cir.2003). The Court has held that the Constitution requires that shackling be used only as a "last resort," after an adequate showing of necessity, and also after the trial court has considered less restrictive alternatives. *Deck v. Missouri,* 544 U.S. 622, 628, 125 S.Ct. 2007, 161 L.Ed.2d 953 (2005) (quoting *Illinois v. Allen,* 397 U.S. 337, 343–44, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970)).

■ The state trial court's decision to have Berg restrained during his trial does not meet these standards. The district court's conclusion that "the state courts unreasonably applied settled Supreme Court authority, as interpreted by the lower courts, which requires that restraints be used only as a last resort and upon a proper showing" is correct where there was no showing of prior misbehavior by Berg during a court appearance, of plans or attempts to escape, or of assaults or attempted assaults on court or jail personnel. That Berg "showed a little attitude" on occasion in the jail is insufficient.

■ Despite this violation of his constitutional rights, we cannot grant habeas relief. "In the habeas context, [harmless error analysis] means that the petitioner must show that the physical restraints had substantial and injurious effect or influence in determining the jury's verdict." *Gonzalez,* 341 F.3d at 903 (internal quotation marks and citations omitted). There is no evidence that the belt was visible to the jury. Berg's speculative claims that the jury's perception of him was distorted by the React belt and the fear and anxiety that it provoked in both him and his trial counsel do not show "substantial and injurious effect or influence" where the jury was also presented with significant and strong evidence of Berg's guilt. In the light of this evidence, it is unlikely that the React belt and its effects on Berg's comportment and demeanor had a substantial influence on the jury's determination of his guilt. Further, the evidence tendered in this case was insufficient to establish that Berg could not communicate with his counsel because of the use of the React belt.

Because the constitutional violation was harmless under *Brecht v. Abrahamson,* 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d

353 (1993), we affirm the district court's denial of Berg's habeas petition.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the